UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

RYAN SHAW,

              Plaintiff,

      v.                                                           Case No. 23-cv-1015-bhl

DEPARTMENT OF CORRECTIONS,
DREW DELFORGE,
CHRISTOPHER J. RAUCH,
CANDACE WHITMAN, and
LISA ALBRECHT,

              Defendants.

---

## SCREENING ORDER

---

Plaintiff Ryan Shaw, who is currently serving a state prison sentence at Fox Lake Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Shaw's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Shaw has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). As required under 28 U.S.C. §1915(a)(2), Shaw has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint and has been assessed and paid an initial partial filing fee of $3.47. Shaw's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

### ALLEGATIONS OF THE COMPLAINT

According to Shaw, on January 5, 2022, while at Dodge Correctional Institution, he learned from the dentist (who is not a Defendant) that some of his teeth needed restoration, including fillings to address cavities. He was given ibuprofen and antibiotics until he could be seen. About six months later, on June 12, 2022, while at Fox Lake Correctional Institution, Shaw submitted a dental services request slip stating that his teeth were hurting and needed fillings. He states that he was told he was on the waitlist and was prescribed pain medication. Dkt. No. 1 at 2.

Less than a week later, on June 16, 2022, Shaw was seen by Dr. Drew Delforge. Shaw asserts that he told Dr. Delforge that he was in extreme pain and that the pain was coming from the two teeth that needed fillings. Shaw states that he was told he was on the waitlist and that it could take more than a year until he received treatment. According to Shaw, Dr. Delforge told him that there was nothing he could do to help him right now because he and his staff did not have time to fix his teeth. Shaw states that he was given a small amount of ibuprofen. Dkt. No. 1 at 2.

Shaw explains that over the next five months, he submitted six request slips explaining that he was in a lot of pain and could not eat or sleep. In response, Shaw was told that he was on the waitlist. Shaw submitted an inmate complaint, which was ultimately affirmed. Lisa Albrecht, the assistant health services manager, informed the institution complaint examiner that Fox Lake has limited dental coverage because it is short-staffed. She also noted that Shaw was on the routine waitlist because fillings are not an urgent need. On February 9, 2023, Dr. Delforge examined Shaw's teeth and applied a varnish. Shaw states that he told Dr. Delforge that he could not eat or sleep because of the pain. Shaw asserts that Dr. Delforge told him that he was sorry, but he did

not have the time or staff to perform the work Shaw's teeth required. Shaw was told he would remain on the waitlist and that he could get ibuprofen to help with the pain. Dkt. No. 1 at 3.

Less than a week later, Shaw submitted another dental services request slip. On March 10, 2023, Shaw was seen by Dr. Christopher Rauch. According to Shaw, he told Dr. Rauch that he could not eat or sleep, and Dr. Rauch informed Shaw that he could pull the teeth if they were causing him pain. Shaw asserts that he told Dr. Rauch he wanted fillings, but Dr. Rauch told him that was not an option at that time. Dr. Rauch gave Shaw the option of getting his teeth pulled or remaining on the waitlist. Shaw opted to remain on the waitlist. Shaw asserts that he has filed more than fifteen additional dental services requests since he was seen in March. As of the filing of his complaint in late July, Shaw's cavities had not been filled. He states that his face is swollen and that he cannot eat or sleep because of the pain. Shaw seeks damages and injunctive relief. Dkt. No. 1 at 4.

THE COURT'S ANALYSIS

Prison officials who are deliberately indifferent to a substantial risk of serious harm to an inmate's health violate the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976). A delay in medical treatment may constitute deliberate indifference if the delay exacerbates the injury or unnecessarily prolongs an inmate's pain, particularly if a provider knows that the pain is treatable. *Reck v. Wexford Health Sources, Inc.*, 27 F.4th 473, 483 (7th Cir. 2022). The Seventh Circuit has explained that "[t]he length of delay that violates the Eighth Amendment depends on the severity of the condition and the ease of providing treatment: For example, a steadily worsening toothache that causes severe pain to an inmate while eating and sleeping could support a finding that a two-month delay in referring the inmate to a dentist constitutes deliberate indifference." *Hill v. Meyer*, No. 21-2884, 2022 WL 1078871, at *3 (7th Cir. April 11, 2022)

(citing *Berry v. Peterman*, 604 F.3d 435, 438, 441 (7th Cir. 2010)). Shaw may proceed on deliberate indifference claims against Dr. Delforge and Dr. Rauch based on allegations that over the course of many months he informed them multiple times that his teeth were causing him severe pain that was interfering with his ability to eat and sleep and that, despite these complaints, they continued to keep him on the waitlist and to prescribe medication that was ineffective to relieve his pain.

Further, the Seventh Circuit has explained that there is another category of deliberate indifference claims pertaining to medical care. In addition to "claims of isolated instances of indifference to a particular inmate's medical needs," there are "claims that systemic deficiencies at the prison's health care facility rendered the medical treatment constitutionally inadequate for all inmates." *Phillips v. Sheriff of Cook County*, 828 F.3d 541, 555 (7th Cir. 2016). To state such a claim, a plaintiff must allege that "there are such systemic and gross deficiencies in staffing, facilities, equipment, or procedures that the inmate population is effectively denied access to medical care." *Id.* Shaw may also proceed on a deliberate indifference claim against Albrecht in her individual and official capacities based on allegations that, despite being aware of long wait times due to staffing shortages, she did nothing to provide prisoners with access to needed dental care.

Shaw does not, however, state a claim against Candace Whitman. Although he names her as a Defendant in the caption of his complaint, he does not allege what she did or did not do to violate his rights. Accordingly, he fails to comply with Fed. R. Civ. P. 8, which requires a plaintiff to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). In addition, because Shaw is proceeding against Albrecht in her official capacity, the Court will dismiss the Department of Corrections. "[A] suit against a state official

in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Accordingly, it is unnecessary for Shaw to proceed against Albrecht in her official capacity *and* the Department of Corrections. The Court reminds Shaw that he is entitled only to injunctive relief on his official capacity claim. That claim is a claim against the state, "and a state is not a 'person' subject to a damages action under §1983." *Williams v. Wisconsin*, 336 F.3d 576, 580 (7th Cir. 2003) (citations omitted).

**IT IS THEREFORE ORDERED** that Shaw's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Department of Corrections and Candace Whitman are **DISMISSED** from this action.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Shaw's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on Drew Delforge, Christopher J. Rauch, and Lisa Albrecht.

**IT IS FURTHER ORDERED** that pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Drew Delforge, Christopher J. Rauch, and Lisa Albrecht shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Shaw is located.

**IT IS FURTHER ORDERED** that the agency having custody of Shaw shall collect from his institution trust account the $346.53 balance of the filing fee by collecting monthly payments

6

Case 2:23-cv-01015-BHL   Filed 08/22/23   Page 6 of 8   Document 7

from Shaw's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Shaw is transferred to another institution, the transferring institution shall forward a copy of this Order along with Shaw's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Shaw is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any

7

Case 2:23-cv-01015-BHL    Filed 08/22/23    Page 7 of 8    Document 7

change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Shaw may find useful in prosecuting this case.

Dated at Milwaukee, Wisconsin on August 22, 2023.

s/ *Brett H. Ludwig*<br>
BRETT H. LUDWIG<br>
United States District Judge